IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE RAWLEY, AMANDA FARNSWORTH, and HEATHER WHITLOW, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action,<br><br>Plaintiffs,<br><br>v.<br><br>TATTLE TAIL, INC. d/b/a Tattletale Lounge, a corporation; and DENIS G. KAUFMAN and CARLEEN J. BARNES, individuals,<br><br>Defendants. | Civil Action No. |

## COMPLAINT

NOW COME Plaintiffs Nicole Rawley, Amanda Farnsworth, and Heather Whitlow, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, by and through her attorneys, against Tattle Tail, Inc. d/b/a Tattletale Lounge (hereinafter "Tattletale"), Denis G. Kaufman, and Carleen J. Barnes (collectively the "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.

Minimum wage and overtime laws mark the boundary between a humane society and its Industrial Era precursor of child labor, company scrip and eighteen hour work days. In recognition of this distinction, the United States Congress has enacted and enforced wage and hour laws. This collective action arises from an ongoing wrongful scheme to turn back the clock by denying its employees any wage at all. Defendants' scheme is so far removed from the modern era that it involves requiring its employees to work without any wage at all. Indeed, it involves the Defendants requiring their employees to pay for the privilege of working, a practice unheard of in modern times.

2.

Plaintiffs Nicole Rawley, Amanda Farnsworth, and Heather Whitlow, on behalf of themselves and all other employees similarly situated, hereby allege that Defendants have maintained a pattern and practice of not paying employees wages, not paying for overtime wages, failing to provide proper time for required lunch and rest breaks and otherwise failing to provide statutorily mandated wages and compensation. These violations were, and are, so egregious that Defendants go so far as to require each and every similarly situated employee to pay out of pocket costs prior to receiving any compensation. These employees include, but are not

limited to each and every employee categorized as a "dancer" or "entertainer" at Defendants' adult nightclub, Tattletale Lounge.

3.

This is brought as a collective action under the Fair Labor Standards Act ("FLSA") 29. U.S.C. §§ 201, 207, and 216(b) to recover unpaid wages, unpaid overtime wages and other wages for which Plaintiffs were not paid in violation of the laws of the United States.

**JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction under 28 U.S.C. §1331, as this civil action is brought pursuant to 42 U.S.C. §201, et seq., commonly known as the FLSA. Plaintiffs do not assert any cause of action that is subject to any collective bargaining agreement.

5.

This court has personal jurisdiction over the parties to this action as a result of the location of Defendants' wrongful acts. Additionally, Defendant Tattletale is a business incorporated and existing under the laws of the State of Georgia and the jurisdiction of this Court.

6.

Upon information and belief, venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S. C. §1391(b) because, *inter alia*, all Defendants reside within the State of Georgia and/or a substantial part of the events or omissions giving rise to the claim occurred in this district.

**THE PARTIES**

7.

Plaintiff Nicole Rawley is an individual residing in Atlanta, Fulton County, Georgia. Rawley is a former employee of Defendants. Rawley worked as an entertainer and dancer for Defendants from approximately 2004 through March 2013. Defendants never paid her any wage of any kind. In fact, Rawley, and all other individuals similarly situated, were required to pay to work for Defendants. Plaintiff Rawley has given her consent to join this lawsuit in writing.

8.

Plaintiff Amanda Farnsworth is an individual residing in Atlanta, DeKalb County, Georgia. Rawley is a former employee of Defendants. Farnsworth worked as an entertainer and dancer for Defendants from approximately 2006 or 2007 through mid-November 2012. Defendants never paid her any wage of any kind. Like Rawley and all other individuals similarly situated, Farnsworth was required

to pay to work for Defendants. Plaintiff Farnsworth has given her consent to join this lawsuit in writing.

9.

Plaintiff Heather Whitlow is an individual residing in Saint Petersburg, Pinellas County, Florida. Whitlow is a former employee of Defendants. Whitlow worked as an entertainer and dancer for Defendants from approximately February 2007 until June 30, 2012. Defendants never paid her any wage of any kind. Like Rawley and all other individuals similarly situated, Whitlow was required to pay to work for Defendants. Plaintiff Whitlow has given her consent to join this lawsuit in writing.

10.

Defendant Tattle Tail, Inc. is a Georgia corporation; Defendant Denis G. Kaufman is its CEO and CFO, and Defendant Carleen J. Barnes is its secretary. Defendants have acted together in a conspiracy to carry out their illegal enterprise since at least 2004. All Defendants can be served at their corporate headquarters located at 2075-B Piedmont Road NE, Atlanta, Georgia 30324 or wherever else they may be found.

## FACTUAL ALLEGATIONS

11.

Defendants own and operate a successful and long-lived strip club. The business of Defendants is to provide nude dancers and other entertainment to customers of the club. Defendants have at relevant all times done business in the State of Georgia.

12.

The minimum wage, overtime wage and tip credit policies have applied and been controlling on Defendants at all times. Specifically, Defendants are an enterprise engaging in commerce and have sales or do business transaction in excess of $500,000 a year. Furthermore, Plaintiffs' "entertainer" or "dancer" jobs are not positions involving work which would fall under the exemptions provided to 29 U.S.C. § 213(a)(1) of the FLSA.

13.

Defendants have at all times relevant falsely classified the "dancers" or "entertainers" (hereinafter "Dancers") employed in the club as independent contractors. This false classification has been occurring for at least the past three years (the "Collective Period").

14.

Despite the fact that the Defendants have classified the Dancers as independent contractors, Defendants have exercised at least the following controls over all the Dancers:

(1) Defendants have set the number of hours and shift that all Dancers at Tattletale Lounge ("Tattletale") are required to work, and have enforced this requirement with threats of suspension and/or termination of employment;

(2) Defendants have required all Dancers at Tattletale to work specific shifts when the shifts requested by the Dancers conflicted with the staffing needs of Tattletale, and have enforced this requirement with threats of suspension and/or termination of employment;

(3) Defendants approve and ban the names that the Dancers can work under while employed at Tattletale;

(4) Defendants have the power and authority to approve or disapprove of costumes worn by Dancers at Tattletale;

(5) Defendants require Dancers to attend staff meetings, without payment, and enforce this requirement with threats of suspension for failure to attend;

(6) Defendants maintain strict control over the content of Dancers' performances on the club's stages;

(7) Defendants have sole control over which guests Dancers can entertain in the club's V.I.P. rooms, the rates that the Dancers must charge V.I.P. clients, and the distribution of monies from V.I.P room sales;

(8) Defendants require Dancers to take and pass a "breathalyzer test" before they are allowed to leave the premises. Defendants also require the Dancers to pay 50¢ per attempt to take the breathalyzer test.

15.

In addition to the above listed controls, Defendants require the following fees to be paid by Plaintiffs, and all similarly situated employee–Dancers:

(1) All Dancers are required to pay a per-shift fee to Defendants, which has varied from $30–50 per shift or 10% of tips received by Dancers;

(2) All Dancers are required to pay a late fee of $25 for every hour they arrive late to their scheduled shifts;

(3) Dancers are required to pay the DJ at least 20% of their tips per shift;

(4) Defendants require that Dancers pay a $20 fee each shift to the "house mom";

(5) Defendants require that Dancers pay a $10 fee each shift to the "door guy";

(6) Defendants require that dancers pay an early-leave fee for leaving a scheduled shift early. The rate of this fee was highly variable and inconsistent, but ranged from $50 to upwards of $200;

(7) Defendants require that Dancers pay a fee of $100 to $150 for each scheduled shift missed;

(8) Defendants require that Dancers pay a "champagne fee" of $10 per glass of a set number of champagne or other specified alcoholic drinks not sold to customers over the course of a shift;

(9) Other various, and often arbitrary, fees are regularly added to this total at the discretion of Defendants and their managerial employees.

16.

In addition to the illegal "kickback fees" described above, Defendants have recklessly and maliciously failed to pay Plaintiff and other similarly situated employees any wages at all, including minimum wage or overtime wages as required by 29 U.S.C. § 201 et seq.

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. §206

17.

Plaintiffs hereby incorporates Paragraphs 1–16 of this Complaint as if fully restated herein.

18.

At all times relevant herein, Plaintiffs and all similarly situated employees performed work for which the minimum wage should have been paid by Defendants, but have been paid no wages of any kind by Defendants in violation of the FLSA provisions requiring the payment of minimum wage.

19.

At all relevant times, Defendants were and are legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiffs and all similarly situated employees.

20.

At all relevant time, the unlawful conduct against Plaintiffs and all similarly situated employees, as described in each and all of the foregoing paragraphs, was actuated, in whole, in such a way as to bring benefit to Defendants at the expense of their employees. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendants and committed under the actual or apparent authority of Defendants Denis G. Kaufman and Carleen J. Barnes, as well as their managerial and supervisory employees.

21.

These actions were compounded by Defendants' failure to provide notice to their employee Dancers that they intended to utilize the tip-credit provisions of the FLSA and Defendants' requirement that said Dancers surrender large portions of their tips to Defendants for the personal enrichment of Defendants.

22.

Upon information and belief, since at least three years before the time of this filing, the practices and policies that are complained of herein have been enforced against approximately 250 Dancers employed by Defendants. Each and every one of these employees has been denied proper minimum wage compensation in violation of 29 U.S.C. § 206. There has been no good faith attempt on the part of Defendants to comply with the provisions of the FLSA. Therefore, these violations constitute a willful violation of the minimum wage provisions in violation of the FLSA as provided for in 29 U.S.C. §255.

23.

Plaintiff has consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b). Upon issuance of proper notice by this Court, there is a substantial likelihood that other similarly situated employees will join this action as Plaintiffs.

24.

Defendants' wrongful and illegal conduct has deprived Plaintiffs, and all similarly situated employees, of the minimum wage to which they are statutorily entitled in an amount to be determined. Additionally, Plaintiffs, and all similarly situated employees, are entitled to their attorney's fees, expenses and costs incurred in bringing this action as provided by 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

25.

Plaintiffs hereby incorporates by reference all of the allegations contained in paragraphs 1-24, as if specifically set forth herein.

26.

Pursuant to 29 U.S.C. § 207, Plaintiffs, and all similarly situated employees, are entitled to be compensated at one and one half times their regular wage for each and every hour worked over forty hours in any given workweek.

27.

The overtime provisions of the FLSA apply to Plaintiffs and all similarly situated employees.

28.

Defendants have committed *prima facia* violations of 29 U.S.C. § 207 by failing to pay Plaintiffs, and any and all similarly situated employees, any wage whatsoever.

29.

Defendants' violations of these provisions are intentional. No good faith attempt to comply with the FLSA has been made. Defendants have paid no wages to Plaintiffs, or to any and all similarly situated employees, much less required overtime wages. Defendants are liable to Plaintiffs, and any and all similarly situated employees, for their respective unpaid wages, liquidated damages, attorney's fees and costs, interest and other such relief as provided in 29 U.S.C. § 216(b).

## COUNT III
## COLLECTIVE ACTION ALLEGATIONS
## PURSUANT TO 29 U.S.C. §216(B)

30.

Plaintiffs hereby incorporates Paragraphs 1-29 of this Complaint as if fully restated herein.

31.

Defendants have intentionally and repeatedly violated 29 U.S.C. §§ 206 and 207 by failing to pay required minimum and overtime wages to Plaintiffs, and any

and all similarly situated employees. Defendants have engaged in these behaviors for their own benefit and in an attempt to deprive Plaintiffs, and any and all similarly situated employees, of their lawful wages.

32.

Defendants are liable pursuant to 29 U.S.C. § 201 et seq., to Plaintiffs, and to all similarly situated employees, for unpaid minimum and overtimes wages, interest, attorney's fees and costs and other such equitable and legal relief that this Court finds proper.

33.

There are approximately 250 similarly-situated current and former employee–Dancers who have been misclassified by Defendants in the past three years and have worked without being paid minimum or overtime wages in violation of 29 U.S.C. §201, et. seq. These Dancers would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to join pursuant to 29 U.S.C. § 216(b). These similarly situated employees are known to Defendants, are readily identifiable and can be located through the records of Defendants and various local governmental entities.

WHEREFORE, Plaintiffs pray that this Court:

(a)  Enjoin Defendants from continuing to violate 29 U.S.C. §201, et seq., and from withholding payment of minimum and overtime wages from Plaintiffs, and any and all similarly situated employees, pursuant to this Court's authority provided for in 29 U.S.C. § 217;

(b)  Find that Defendants have willfully violated 29 U.S.C. §§ 206-207 by failing to pay Plaintiffs, and any and all similarly situated employees, minimum and overtime wages;

(c)  Issue a judgment against Defendants for all unpaid wages, illegal kickback payments, interest, attorney's fees and costs and all other allowed forms of relief as provided by 29 U.S.C. § 216(b);

(d)  Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b);

(e)  Issue a Notice of the Present Action to all persons who are presently, or have been at any time during the three years immediately preceding this suit, up through an including the date of this Court's issuance of Court-Supervised Notice, employed by the Defendants as Dancers or Entertainers as described above;

(f)  That each such person shall be informed of this civil action, the nature of the action, and of their right to join this lawsuit if they have worked

for Defendants and have not been paid minimum or overtime wages and have been forced to pay illegal kickbacks to Defendants. Additionally, the Notice shall inform all current and past employees that **Defendants are not allowed to retaliate** against them for participating in this action;

(g) for such other and further relief as is just and equitable.

Plaintiffs hereby demands a TRIAL BY JURY.

Respectfully submitted this 13th day of January 2014.

|  |  |
|---|---|
| SMITH COLLINS, LLC<br>8565 Dunwoody Place<br>Building 15, Suite B<br>Atlanta, GA 30350<br>(770) 378-1408<br>wicollin@hotmail.com | */s/ W. Anthony Collins, Jr.*<br>W. Anthony Collins, Jr.<br>Georgia Bar No. 141712 |
| MERRITT & FLETCHER, LLC<br>1265 West Spring St., Ste. A<br>Smyrna, GA 30080<br>(678) 607-6053<br>jim@MerrittFletcher.com | */s/ James R. Fletcher II*<br>James R. Fletcher II<br>Georgia Bar No. 232541 |
|  | *Attorneys for Plaintiffs* |