IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE RAWLEY, AMANDA FARNSWORTH, and HEATHER WHITLOW, individually and on behalf of all others similarly situated who consent to their inclusion in this collective action, | :<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No.: 1:14-cv-00090-AT |
| Plaintiffs, | :<br>: |
| v. | :<br>: |
| TATTLE TAIL, INC. d/b/a Tattletale Lounge, a corporation; and DENIS G. KAUFMAN and CARLEEN J. BARNES, individuals, | :<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1. Description of Case:

   (a) Describe briefly the nature of this action.

   **Plaintiffs, former entertainers at Defendant Tattle Tail, Inc. d/b/a Tattletale Lounge ("Tattletale"), allege that Defendants willfully misclassified Plaintiffs and other entertainers at Tattletale as independent contractors and failed to pay them minimum wages and overtime wages in violation of the Fair Labor Standards Act ("FLSA").**

   (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiffs formerly worked at Tattletale as entertainers during the three years prior to the filing of this Action. At all relevant times, Tattletale classified Plaintiffs and other entertainers as independent contractors. Plaintiffs allege that they and other similarly situated entertainers who worked at Tattletale during the statute of limitations period were employees as defined by the FLSA and were therefore entitled to be paid minimum wage and overtime for any hours worked in excess of forty per workweek.**

**Twelve other former Tattletale entertainers have consented to opt-in to this Action to date. Plaintiffs seek to represent a class of similarly situated entertainers and have filed a motion seeking an order conditionally certifying a class consisting of all entertainers who have worked at Tattletale in the three years prior to the filing of this Action.**

(c) The legal issues to be tried are as follows:

1. **Whether Defendants are "employers" within the meaning of the FLSA?**

2. **Whether Plaintiffs and other entertainers are "employed by" Defendants within the meaning of the FLSA?**

3. **Whether Plaintiffs and others similarly situated are independent contractors or employees?**

4. **Whether Defendants violated the FLSA?**

5. **Whether any violation of the FLSA by Defendants was willful?**

6. **The amount of damages.**

7. **Whether Plaintiffs are entitled to liquidated damages?**

8. **Whether Plaintiffs worked more than forty (40) hours per week?**

9. **Whether Plaintiffs are similarly situated to one another and to the putative class members?**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: **Not applicable**.

(2) Previously Adjudicated Related Cases: **Not applicable**.

2.   This case is complex because it possesses one (1) or more of the features listed below (please check):

__**X**__ (1)   Unusually large number of parties[1]

____ (2)   Unusually large number of claims or defenses

____ (3)   Factual issues are exceptionally complex

____ (4)   Greater than normal volume of evidence

____ (5)   Extended discovery period is needed

____ (6)   Problems locating or preserving evidence

____ (7)   Pending parallel investigations or action by government

____ (8)   Multiple use of experts

____ (9)   Need for discovery outside United States boundaries

____ (10)  Existence of highly technical issues and proof

---

[1] If conditional certification is granted, the case may have an unusually large number of parties, depending upon how many putative class members opt in.

3. Counsel:

The following individually-named attorneys are designated as lead counsel for the parties:

Plaintiffs:

**W. Anthony Collins, Jr.**
**SMITH COLLINS, LLC**
**8565 Dunwoody Place**
**Building 15, Suite B**
**Atlanta, Georgia 30350**

Defendants:

**Gregory R. Fidlon**
**LAW OFFICES OF GREGORY R. FIDLON, P.C.**
**1200 Abernathy Road**
**Bldg. 600, Suite 1700**
**Atlanta, GA 30328**

4. Jurisdiction:

Is there any question regarding the court's jurisdiction?

\_\_\_\_ Yes          **X**   No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. Parties to this action:

(a) The following persons are necessary parties who have not been joined: **None.**
(b) The following persons are improperly joined as parties: **None**.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendment to the pleadings which the parties anticipate will be necessary: **None at this time.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing times for motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel.* Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions.* Within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions.* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.     Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. **No objections.**

9.     Request for scheduling conference:

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

**The parties believe a telephonic scheduling conference would be helpful to address issues relating to the administration of this putative collective action.**

10.    Discovery period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 36.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.
Cases in this court are assigned to one of the following three discovery tracks:  (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.
Please state below the subjects on which discovery may be needed:

**Discovery on all of Plaintiffs' claims and Defendants' defenses, including liability and damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused on particular issues, please state those reasons in detail below:

**If the Court grants Plaintiffs' motion for conditional certification, the parties anticipate needing an additional three (3) months following the close of the opt-in period to allow for discovery addressed to the opt-ins.**

11.  Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of the Court, and what other limitations should be imposed?

**None at this time.**

(b) Is any party seeking discovery of electronically stored information?

__**X**__ Yes                    _____ No

If "yes,"

(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties are currently unaware of any electronically stored information in the case, except for credit card transaction reports.**

(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF filed), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties intend to produce any electronically stored information in native format.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)? **None at this time.**

13. Settlement Potential: (a) Lead counsel for the parties certify by their signatures below that they have conducted a Rule 26(f) conference that was held on **February 14, 2014**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature): *s/ W. Anthony Collins, Jr.*

Other participants: **James R. Fletcher II**

For Defendant: Lead counsel (signature): *s/ Gregory R. Fidlon*

Other Participants: **None**

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(____)   A possibility of settlement before discovery.
( X )    A possibility of settlement after discovery.
(____)   A possibility of settlement, but a conference
         with the judge is needed.
(____)   No possibility of settlement.

(c) Counsel ( X ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is: **after the close of the opt-in period.**

(d) The following specific problems have created a hindrance to settlement of this case. **None.**

14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2014.

(b) The parties (__**X**__) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 5th day of March, 2014.

| | |
|---|---|
| *s/ W. Anthony Collins, Jr.* | *s/ Gregory R. Fidlon* |
| W. Anthony Collins, Jr. | Gregory R. Fidlon |
| Georgia Bar No. 141712 | Georgia Bar No. 259317 |
| *wicollin@hotmail.com* | *greg@fidlonlegal.com* |
| SMITH COLLINS, LLC | LAW OFFICES OF |
| 8565 Dunwoody Place | GREGORY R. FIDLON, P.C. |
| Building 15, Suite B | 1200 Abernathy Road |
| Atlanta, Georgia 30350 | Building 600, Suite 1700 |
| Telephone: (770) 378-1408 | Atlanta, Georgia 30328 |
| | Telephone: (770) 807-0083 |
| James R. Fletcher II | Facsimile: (770) 807-0460 |
| Georgia Bar No. 232541 | |
| *jim@merrittfletcher.com* | Alan I. Begner |
| MERRITT & FLETCHER, LLC | Georgia Bar No. 046975 |
| 1265 West Spring St., Ste. A | *abegner@bellsouth.net* |
| Smyrna, GA 30080 | BEGNER & BEGNER, P.C. |
| Telephone: (678) 607-6053 | 5180 Roswell Rd. |
| | South Bldg., Suite 100 |
| *Attorneys for Plaintiffs* | Atlanta, GA 30342 |
| | Telephone: (404) 531-0103 |
| | Facsimile: (404) 531-0107 |
| | |
| | *Attorneys for Defendants* |

# **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____.

IT IS SO ORDERED, this _____ day of _____, 2014.

_____
Honorable Judge Amy Totenberg

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE RAWLEY, AMANDA FARNSWORTH, and HEATHER WHITLOW, individually and on behalf of all others similarly situated who consent to their inclusion in this collective action,<br><br>     Plaintiffs,<br><br>v.<br><br>TATTLE TAIL, INC. d/b/a Tattletale Lounge, a corporation; and DENIS G. KAUFMAN and CARLEEN J. BARNES, individuals,<br><br>     Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No.: 1:14-cv-00090-AT<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 5th day of March, 2014 electronically filed this JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF system, which will send electronic notification to all participating attorneys of record.

            *s/ Gregory R. Fidlon*
            Counsel for Defendants Tattle Tail, Inc., Denis G. Kaufman and Carleen J. Barnes